IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

DARRELL BARNWELL, )
CAROLYN B. PETREY, and )
DALLAS PETREY )
                            Plaintiffs )

v. ) Case No.

ARK LAND, LLC )
Serve:    CT Corporation System )
           Registered Agent )
           4701 Cox Road, Suite 285 )
           Glen Allen, VA 23060 )

and )

LONE MOUNTAIN PROCESSING, LLC )
Serve:    CT Corporation System )
           Registered Agent )
           4701 Cox Road, Suite 285 )
           Glen Allen, VA 23060 )

## COMPLAINT

Now come the plaintiffs, Darrell Barnwell, Carolyn B. Petrey and Dallas Petrey, by counsel, and for their Complaint state as follows:

1

## INTRODUCTION

1. This action is brought to obtain declaratory and monetary relief related to the defendants' failure to comply with an agreement to provide plaintiffs with records of coal transported across plaintiffs' property and to pay wheelage.

## PARTIES

2. Plaintiff Darrell Barnwell is a resident of the State of Florida.

3. Plaintiffs Carolyn B. Petrey and Dallas Petrey are residents of the State of Georgia.

4. Defendant Ark Land, LLC is a limited liability company organized under the laws of the State of Delaware.

5. Defendant Lone Mountain Processing, LLC is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6. This case involves a claim for wheelage for coal transported from Harlan County, Kentucky to Lee County, Virginia.

7. The amount in controversy exceeds $75,000.00.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship. Darrell Barnwell, Carolyn Petrey and Dallas Petrey are not citizens of Delaware or Kentucky.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the conduct giving rise to the Complaint occurred in the District.

## FACTS

10. The plaintiffs and others have entered into a Wheelage and Easement Agreement dated December 30, 2011 with Harlan Lee Land, LLC and Ark Land, LLC, successor by conversion to Ark Land Company (the "Wheelage Agreement"). A true and genuine copy of the Wheelage Agreement is attached hereto as Exhibit A.

11. Upon information and belief, Ark Land, LLC assigned its interest in the said Wheelage and Easement Agreement to Lone Mountain Processing Inc. by agreement dated 9/12/2017.

12 The defendants mine coal in Harlan County, Kentucky and transport the coal across the plaintiffs' property located in Lee County, Virginia. Under the Wheelage Agreement, the defendants are required to pay to plaintiffs a royalty of $0.24 for each ton of coal transported across the plaintiffs' property.

13. Article 2 of the Wheelage Agreement provides,

> "upon written request of Grantors" you are required to "periodically make available and Grantors may audit Grantees' book and records during reasonable business hours to confirm the calculations upon which Wheelage Royalties have been paid." Further "upon reasonable advance written notice, Grantees agree to provide

3

pertinent documents and records upon which such an audit may be conducted."

14. The plaintiffs made a demand for records by letter dated May 7, 2018. A true and genuine copy of said demand letter is attached hereto as Exhibit B.

15. The defendants have breached the Wheelage Agreement because they have failed to respond in any manner to the aforesaid demand letter.

16. The plaintiffs have not received wheelage royalties since September 9, 2017. Pursuant to Article 2 of the Wheelage Agreement, any past due royalty payments are subject to late payment charges of 1% together with interest on the amounts due at a rate of 18% per year, calculated on a 365-day year.

17. Upon information and belief, after September 9, 2017 and ongoing the defendants have been actively transporting coal across the plaintiffs' property but have not paid wheelage royalties in breach of the Wheelage Agreement.

## COUNT I
## DECLARATORY JUDGMENT

18. Plaintiffs restate the allegations in the preceding paragraphs and incorporate those allegations by reference and allege the following grounds of relief.

19. There is an actual controversy between Plaintiffs and the defendants with respect to plaintiffs' right to obtain records and be paid for wheelage.

4

20. Plaintiffs ask for a declaratory judgment against the defendants pursuant to Va. Code § 8.01-184 declaring that the defendants have an obligation to provide plaintiffs with the records it requested and ordering the defendants to provide those records together with such other relief as the Court shall deem proper.

WHEREFORE, your plaintiffs move this Court to:

A. Require the defendants to produce the requested records; and

B. Determine the amount of wheelage royalties owed to plaintiffs by the defendants; and

C. Enter judgment, plus pre-judgment and post-judgment interest, in favor of the plaintiffs for that amount; and

D. Award attorneys' fees and costs expended in this action to the extent allowed by law; and

E. Such other and further relief as the nature of this case may require or the Court deems proper.

DARRELL BARNWELL,<br>
CAROLYN B. PETREY &<br>
DALLAS PETREY<br>
- by counsel -

s/Dan Bieger, Esq. (VSB #18456)
DAN BIEGER, PLC
565 Volunteer Parkway
Bristol, TN 37620
(423) 573-4440
(423) 573-4443 - Fax
dan@biegerlaw.com
Counsel for Plaintiffs

5

Case 2:18-cv-00022-JPJ-PMS   Document 1   Filed 07/11/18   Page 5 of 5   Pageid#: 5